IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Hon. Ana Irma Rivera Lassén, María Josefa Canino Arroyo, and Norma Rodríguez Roldán<br><br>Plaintiffs<br><br>v.<br><br>Hon. Jessika D. Padilla Rivera, in her personal capacity and in her official capacity as Alternate President of the Puerto Rico State Elections Commission, and Rolando Cuevas Colón, in his personal capacity and in his official capacity as Secretary of the Puerto Rico State Elections Commission<br><br>Defendants | Civil No.: 24-1278<br><br><br><br>Action for Declaratory and Injunctive Relief |

## **VERIFIED COMPLAINT**

TO THE HONORABLE COURT:

Come now Plaintiffs, the Hon. Ana Irma Rivera Lassén (hereinafter "Rivera Lassén"), María Josefa Canino Arroyo (hereinafter "Canino Arroyo"), and Norma Rodríguez Roldán ("Rodríguez Roldán"), by and through their respective undersigned attorneys, and very respectfully state, allege and pray as follows:

### **I. NATURE OF THE ACTION, JURISDICTION AND VENUE**

1.1. This is an action for declaratory and injunctive relief to preclude Defendants from illegally interfering with Rivera Lassén's candidacy to Resident Commissioner under the emblem of Movimiento Victoria Ciudadana (hereinafter "MVC") in the upcoming general elections and from violating Plaintiffs' federal associational and electoral rights.

1.2. Federal question jurisdiction is conferred upon this Honorable Court by 28 U.S.C. §§ 1331 and 1343 insofar as Plaintiffs' claims arise under the Constitution and Laws of the United States and relate to the deprivation of Plaintiffs' federally protected civil rights. Specifically, the claims asserted in this action implicate and/or arise under the Supremacy and Territorial Clauses of the Constitution, U.S. Const. art. 6, cl. 2, and U.S. Const. art. 4, § 3, cl. 2, the First Amendment, U. S. Const. amend. I, the provisions of the Puerto Rico Federal Relations Act pertaining to the federal office of the Puerto Rico Resident Commissioner, 48 U.S.C. §§ 891-94, and the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983.

1.3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this judicial district since both Defendants reside within the Commonwealth of Puerto Rico and all the events that give rise to the claims asserted herein occurred within the Commonwealth of Puerto Rico.

## II. THE PARTIES

**A. Plaintiffs**

2.1. Rivera Lassén is a founding member of MVC, a recognized political party that is registered with the Puerto Rico Sate Elections Commission (hereinafter "SEC"). She is a sitting Senator in the Puerto Rico Legislative Assembly and is the candidate that MVC selected to run for the federal office of Resident Commissioner in the general elections that will be held on November 5, 2024.

2.2. Canino Arroyo and Rodríguez Roldán are registered and active electors in Puerto Rico, are members of MVC, participated in the internal nomination process that MVC held in March of 2024 to select the person that would run for Resident Commissioner

in the party's ticket, supported the candidacy of Rivera Lassén in said internal nomination process and plan to vote for Rivera Lassén in the upcoming general elections.

**B. Defendants**

2.4. Defendant, Hon. Jessika D. Padilla Rivera (hereinafter "Padila Rivera") is a Puerto Rico Superior Judge, who at all material times to this action, has acted as the Alternate President of the Puerto Rico State Elections Commission. As such, she heads the SEC since the presidency of the SEC has been vacant at all relevant times to this action.

2.5 Defendant Rolando Cuevas Colón ("Cuevas Colón"), at all material times to this action, has acted as the as Secretary of the SEC.

2.6. All actions complained from herein have been taken by Defendants Padilla Rivera and Cuevas Colón acting under color of state law and pursuant to the state offices that they hold as Alternate President and Secretary of the SEC, respectively.

2.7. Defendants are being sued both in their personal and their official capacities.

### III. FACTS

3.1. By virtue of the Puerto Rico Electoral Code of 2020, Law 58-2020, as amended, 16 L.P.R.A. §§ 4501 *et seq*., ("hereinafter "Electoral Code") the SEC oversees the Puerto Rico elections.

3.2. Among the powers delegated by the Electoral Code, the SEC evaluates if the candidates comply with the numerous requirements to compete for the different electoral positions and certifies those that will appear in the state, legislative and municipal ballots once it determines compliance with all their respective requirements.

3.3.    The Puerto Rico Legislative Assembly promulgated the Electoral Code pursuant to the authority granted by Article VI, Section 4 of the Constitution of the Commonwealth of Puerto Rico. Const. PR, Art. VI § 4.

3.4.    The Resident Commissioner is a federal electoral position that was created and is regulated, not by the Puerto Rico Constitution nor the Electoral Code, but by the Rico Federal Relations Act, which provides that:

> The qualified electors of Puerto Rico shall choose a Resident Commissioner to the United States at each general election, whose term of office shall be four years from the 3d of January following such general election, and who shall be entitled to receive official recognition as such commissioner by all of the departments of the Government of the United States…

48 U.S.C. § 891.

3.5.    The Puerto Rico Relations Act enumerates the eligibility requirements that any candidate that aspires to that federal electoral post must meet, to wit:

> No person shall be eligible to election as Resident Commissioner who is not a bona fide citizen of the United States and who is not more than twenty-five years of age, and who does not read and write the English language.

48 U.S.C. § 892.

3.6    The delegates that participated in the constitutional convention that drafted the Puerto Rico Constitution recognized that the Resident Commissioner was an electoral position that was created and regulated exclusively by federal law.

3.7    The debate that ensued the reading of the original draft of Article VI, Section 4, of the Puerto Rico Constitution clearly shows that the delegates were fully knowledgeable and aware of that legal reality. *See Diario de Sesiones de la Convención Constituyente de Puerto Rico*, 2003 Conmemorative Edition, San Juan: Lexis-Nexis of Puerto Rico, Inc., pp. 2064-72.

3.8   As a result the debate and the conclusions reached regarding the federal nature of the position, the delegates eliminated any reference to the Resident Commissioner in the text of the of the Constitution. *Id*.

3.9.   Rivera Lassén, who complies with all the requirements listed in 48 U.S.C. § 892, was selected to run as MVC's candidate for Resident Commissioner in the general elections that are slated for November 5, 2024.

3.10.   Said selection process was held in March of 2024 pursuant to a regulation promulgated by MVC and was conducted without the expenditure of any public funds.

3.11.   Canino Arroyo and Rodríguez Roldán participated in MVC's selection process, wherein they supported Rivera Lassén's candidacy for Resident Commissioner. They both plan to vote for Rivera Lassén in the November 2024 general election.

3.12.   Through a letter dated March 17, 2024, MVC's Electoral Commissioner, Lillian Aponte Dones, notified and certified to Defendant Cuevas Colón that MVC had selected Rivera Lassén as its candidate for Resident Commissioner and requested him to validate Rivera Lassén's candidacy for that federal electoral post and to include her in the state ballot of the November 2024 general election.

3.13.   Defendant Padilla Rivera took the position that the SEC would not certify Rivera Lassén's candidacy during the pendency of a challenge that had been filed by several members of two opposing political parties in the Puerto Rico court system against Rivera Lassén and other MCV's candidates for the Puerto Rico Legislative Assembly.

3.14.   Said state judicial proceeding concluded on June 10, 2024, through an Opinion and Judgment by the Puerto Rico Supreme Court that left Rivera Lassén's candidacy unscathed.

3.15. Notwithstanding the favorable result of the judicial proceeding in question, Defendants have yet to certify Rivera Lassén as MVC's candidate for Resident Commissioner and have threatened not to do so because Rivera Lassén did not obtain signatures as a condition precedent to becoming a candidate for that electoral post.

3.16. Obtainment of signatures is not one of the eligibility requirements listed in the Puerto Rico Relations Act for the federal position of Resident Commissioner.

3.17. Moreover, neither the Puerto Rico Relations Act nor any other federal statute authorizes the Commonwealth of Puerto Rico or any of its executive, legislative or judicial officials to disqualify a candidate for Resident Commissioner for failure of obtaining signatures.

**IV. FIRST CAUSE OF ACTION**
**(*Ultra vires* and illegal imposition of requirements to compete for the federal elective position of Resident Commissioner)**

4.1 Puerto Rico is a territory of the United States that is subject to Congress' plenary powers under the Territorial Clause. U.S. Const. art. 4, § 3, cl. 2.

4.2 The Puerto Rico Federal Relations Act, which was enacted by Congress as a valid exercise of the powers conferred by the Territorial Clause, is the only law that delimits and regulates the federal electoral post of Resident Commissioner.

4.3 Defendants' threat not to certify Rivera Lassen's candidacy for Resident Commissioner and/or to disqualify her from running for that electoral federal post, premised on Rivera Lassén's purported failure to obtain signatures as a condition precedent to be included in the state ballot for the upcoming general election, is an *ultra vires*, unauthorized and illegal exercise of the Electoral Code, which does not and cannot

interfere with, supplant or displace the clear provisions of the Puerto Rico Federal Relations Act.

4.4   Accordingly, judgment should be entered declaring that any attempt on Defendants' part to impede Rivera Lassen's Resident Commissioner candidacy and/or to block her access to the state ballot as MVC's candidate for that federal elective post is null and avoid.

4.5.   Furthermore, Defendants must be enjoined from disqualifying Rivera Lassén as MCV's Resident Commissioner candidate due to Rivera Lassén's purported failure to obtain signatures as a condition precedent to be included in the state ballot for the upcoming general election and from blocking Rivera Lassén's appearance in the state ballot under MVC's emblem for that same purported reason.

## V. SECOND CAUSE OF ACTION
### (Deprivation of federal associational and electoral rights)

5.1   Canino and Rodríguez are registered and active electors in Puerto Rico and are, thus, qualified electors under 48 U.S.C. § 891.

5.2   Canino Arroyo and Rodríguez Roldán are looking forward to participate in the general election that is slated for November 5, 2024, when they will cast their votes for Resident Commissioner in favor of Rivera Lassén, whom they supported in the internal selection process that was held last March by MVC.

5.3   Rivera Lassén is also a qualified elector under 48 U.S.C. § 891 and she will also vote in favor of her Resident Commissioner candidacy in the upcoming general election.

5.4.   Plaintiffs have a federally protected right to vote for the candidates of their choice in state as well as federal elections.

5.5.  Plaintiffs will be deprived of that federally protected right if Defendants are allowed to go through with their threat of not certifying or disqualifying Rivera Lassén's candidacy for Resident Commissioner.

## IX. PRAYER FOR RELIEF

Considering all the foregoing, Plaintiffs move this Honorable Court for the entry of judgment in their favor:

A.  decreeing that Defendants' actions, as previously described, are null and void since they are contrary to the Puerto Rico Federal Relations Act and will deprive Plaintiffs of their federally protected civil rights;

B.  issuing injunctive relief precluding Defendants from obstructing in any way Rivera Lassén's Resident Commissioner candidacy and from denying her access to the state ballot as MVC's candidate for Resident Commissioner in the general election that will be held on November 5, 2024;

C.  taxing Defendants with costs and attorney's fees; and.

D.  granting any other and further relief as may be deemed just and proper.

Respectfully submitted, in San Juan, Puerto Rico, this 20th day of June of 2024.

| | |
|---|---|
| *s/Tanaira Padilla-Rodríguez* | *s/Guillermo Ramos-Luiña* |
| Tanaira Padilla-Rodríguez | Guillermo Ramos-Luiña |
| USDC-PR No. 227912 | USDC-PR No. 204007 |
| tanairapadilla@yahoo.com | gramlui@yahoo.com |
| | |
| Ave. Ponce de León 1225 | Despacho Jurídico Ramos Luiña, LLC |
| VIG Tower, Suite 1500 | PO Box 22763, UPR Station |
| San Juan, P.R., 00907 | San Juan, PR 00931 |
| Tel: (787) 620-0527 | Tel: (787) 620-0527 |
| Fax: (787) 620-0039 | Fax: (787) 620-0039 |
| | |
| *Attorney for Canino and Rodríguez* | *Attorney for Rivera Lassén* |